PAGE *v.* STATE.*

(Division A. Oct. 29, 1928.)

[118 So. 605. No. 27439.]

*Corpus Juris-Cyc References: Animals 3CJ, section 574, ¹, n. 19.

*Mize, Mize & Thompson,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

McGowen, J. Page, the appellant here, was tried, convicted by a jury, and sentenced by the court on an indictment charging that he did unlawfully, willfully, and feloniously administer to a red-bone hound dog, the property of one W. A. Dobson, poison (strychnine), and, from the sentence of the court, he prosecutes this appeal here.

As the case must be reversed and remanded for another trial, we shall state only such facts as appear to us to be pertinent to the point raised, upon which we must reverse the case.

Dobson, the owner of the dog, was at home when the appellant on a certain day came there and had a conversation with him about hauling some wood. At a time when about one hundred feet from the dog and its owner, the appellant was seen to throw a package on the ground of the owner's premises. Immediately the dog went to the package and ate from it, and within a short space of time, within ten to thirty minutes, appeared to be sick, went back to the owner, lay down, and immediately died. Mrs. Dobson, a relative of the owner of the dog, and living some two hundred yards from his home, saw the defendant, while driving in his wagon about two hundred yards from the owner's home, throw out a package at a certain point. When it was learned that the dog was dead, Mrs. Dobson and another went to the place and picked up the package, which contained sausage and bread with a white crystal substance thereon. Where the dog ate there were found crumbs of the sausage and bread, and the paper in which they were wrapped. The package picked up by Mrs. Dobson, the contents of which were not eaten by the dog, and which were covered with the white crystals, was delivered to the owner, Dobson, who gave it to Bolton and Graham to have it examined.

Dr. Gause testified that he received a package of sausage and bread from Graham and Bolton, and, upon analyzing the same, found that the white crystals thereon were strychnine, a deadly poison, and in a quantity sufficient to kill a dog. Neither Graham nor Bolton were introduced as witnesses in the case to show that the package they gave Gause to examine was the identical package received from the owner of the dog. Nor was it shown that this package was in the same condition when delivered to the doctor for analysis by Bolton and Graham, as it was when found and delivered by Mrs. Dobson to the owner.

At the conclusion of the testimony, the defendant moved to exclude the testimony, which was overruled by the court.

The failure to trace the package in its original state from Bolton and Graham to Dr. Gause is assigned here as error fatal to the case.

The state made an effort to show circumstantially that the defendant was in possession of the strychnine found on the bread and sausage, and that he rid himself of it within a very few moments after he had thrown the other package in a place where it proved to be a tempting bait for the dog then on the premises. There was no effort to have analyzed the crumbs of sausage and bread found in the package from which the dog ate. We think the failure to trace the package in its original form to the physician is fatal to the state's case here, and that the state should have shown, if possible, by Bolton or Graham, that the package containing sausage and bread with the white crystals thereon was delivered in the same condition as received by them to the doctor. And this failure, in the light of all the circumstances in the case, is fatal to conviction here.

*Reversed and remanded.*